UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARQUAN MARTICE ANTQUAN COX**, <br><br> Plaintiff, <br><br> vs. <br><br> **NURSE VICKY**, <br><br> Defendant. | **2:25-CV-13332-TGB-EAS** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT** |

Plaintiff Marquan Martice-Antquan Cox is currently confined at the Clare County Jail in Harrison, Michigan. Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging a deliberate indifference claim under the Fourteenth Amendment against sole defendant Nurse Vicky. ECF No. 1. Because Plaintiff has been granted *in forma pauperis* status (ECF No. 3), the Court may review the complaint prior to directing service. For the reasons stated below, the complaint will be **SUMMARILY DISMISSED** for failing to state a legally cognizable claim.

### I. FACTUAL ALLEGATIONS

Plaintiff's claims arose during his incarceration at the Clare County Jail. Plaintiff alleges that Defendant Nurse Vicky acted with deliberate indifference when she administered an overdose of Wellbutrin, a

psychiatric medication used to treat depression.[1] Specifically, he states that for six months, Nurse Vicky administered 600 mg of Wellbutrin, when the maximum recommended dosage is 450 mg. ECF No. 1, PageID.6. He further alleges that she decreased his medication without proper notice or consultation. *Id*. Plaintiff claims that Defendant violated his Fourteenth Amendment rights as he put her "at risk of mental impairment for life." *Id*. He seeks monetary relief in the amount of $80,000. *Id*. at PageID.7.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable

---

[1] *See Armour v. Meden*, No. 2:24-CV-135, 2024 WL 3841436, at *2 (W.D. Mich. Aug. 16, 2024) (noting that Wellbutrin is prescribed to treat depression).

basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. DISCUSSION

Plaintiff has failed to state a claim against Defendant Vicky for deliberate indifference to his serious medical needs.

While the Eighth Amendment does not apply to pre-trial detainees, the Due Process Clause of the Fourteenth Amendment provides them with a right to adequate medical treatment that is analogous to prisoners' rights under the Eighth Amendment. *Hodges v. Abram*, 138 F.4th 980, 987-88 (6th Cir. 2025); *Gray v. City of Detroit*, 399 F.3d 612, 615-16 (6th Cir. 2005); *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244-45 (1983) (noting that pretrial detainees are entitled to constitutional protections that are "at least as great" as those available to convicted prisoners under the Eighth Amendment).

In the Sixth Circuit, the Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To set forth a claim of deliberate indifference brought under the Fourteenth Amendment, a pretrial detainee must demonstrate "(1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or 'recklessly failed to act reasonably to mitigate the risk

4

the serious medical need posed.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 607 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 597 (6th Cir. 2021) cert. denied, 143 S. Ct. 84 (2022)); *see also Mercer v. Athens Cnty.*, 72 F.4th 152 (6th Cir. 2023) (discussing the departure from analyzing Eighth and Fourteenth Amendment deliberate indifference claims under the same rubric following *Kingsley* and *Brawner*). Stated differently, "a pretrial detainee must have a serious medical need, and the defendant must act, whether through intentional action or omission, recklessly in response to the need and the risk it presented to the detainee." *Grote v. Kenton Cnty.*, 85 F.4th 397, 405 (6th Cir. 2023).

Under the post-*Brawner* framework, the first question is whether the plaintiff had a serious medical need, which has been defined as "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Vontz v. Hotaling*, No. 2:19-CV-12735, 2023 WL 2881350, at *6 (E.D. Mich. Mar. 6, 2023), *report and recommendation adopted*, No. 2:19-CV-12735-TGB-KGA, 2023 WL 2873347 (E.D. Mich. Apr. 10, 2023), *appeal dismissed* (July 11, 2023) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)) (other citations and quotations omitted). Under federal law, mental-health needs are considered medical needs for purposes of the Fourteenth Amendment's deliberate-indifference analysis. *See Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citation omitted); *J.H. v.*

5

*Williamson Cnty., Tennessee*, 951 F.3d 709, 723 (6th Cir. 2020). For purposes of screening under the PLRA, the Court construes Plaintiff's diagnosed mental health condition as a sufficiently serious medical need.

To satisfy the second prong, Plaintiff must show that Defendant acted with "more than negligence but less than subjective intent— something akin to reckless disregard." *Hodges*, 138 F.4th at 988; *Brawner*, 14 F.4th at 596 (stating that a plaintiff must show "more than negligence"). But "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Vontz*, 2023 WL 2881350, at *6 ("[M]ere medical negligence, [ ]or a disagreement between treater and patient as to the better course of treatment, does not equate to a constitutional violation, either under the Eighth or the Fourteenth Amendment."). A medication error alone, as to either the type or dose of medication, without more, is "at most, . . . malpractice," which does not rise to the level of deliberate indifference necessary to satisfy the Fourteenth Amendment. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006) (holding that prescribing both the wrong type and dose of an anti-seizure medication to a prisoner was "[a]t most, . . . malpractice" but not deliberate indifference where there was no evidence that the wrongful prescription was dangerous or that the doctor knew of

6

the alleged dangers). Here, Plaintiff alleges at most negligence or medical malpractice for Defendant's erroneous dosage of Wellbutrin. Allegations of medical malpractice and negligence, while perhaps actionable under Michigan law, do not provide a basis for relief under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (claims under § 1983 can only be brought for a "deprivation of rights secured by the constitution and laws of the United States"). Accordingly, Plaintiff is not entitled to relief.

Moreover, although Plaintiff seeks monetary damages, ECF No. 1, PageID.7, he does not indicate with any specificity what injury, if any, he suffered or continues to suffer due to the allegedly improper dose of Wellbutrin. He merely asserts that he was placed "at risk of mental impairment for life." *Id.* at PageID.6. But "[r]equests for damages . . . seek to compensate plaintiffs for past injuries." *Wilson v. Yaklich*, 148 F.3d 596, 600 601 (6th Cir. 1998) ("Simply put, [the plaintiff] alleges, not a 'failure to prevent harm,' but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation [under the Eighth Amendment and § 1983]."). Consequently, Plaintiff failed to state a claim upon which relief may be granted for this reason as well.

## IV. CONCLUSION

Accordingly, the Court **DISMISSES** the instant civil rights complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and

7

1915A(b) for failure to state a claim. Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is closed.

    **SO ORDERED**.

Dated: December 15, 2025        /s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE